12723.　COLUMBUS RAILROAD COMPANY *v.* HAMMETT.

The petition, properly construed (most strongly against the plaintiff), shows that the plaintiff, by the exercise of ordinary care, could have avoided the injuries sued for. The court therefore erred in overruling the general demurrer.

　　　　　　　DECIDED DECEMBER 14, 1921.

Action for damages; from Muscogee superior court — Judge Munro. June 27, 1921.

The action was against a street-railway company, for injury to a passenger thrown from a car by a sudden jerk of the car. From his petition it appears that when the car reached a point about fifty feet short of the stopping place where he desired to alight, he signalled his desire to the conductor, who saw and understood

it.   The car was then running at a very rapid rate of speed, — about fifteen miles an hour.   The conductor signalled the motor-man to stop the car at the street-crossing which was the plaintiff's destination, and the motorman immediately began to slow down the speed of the car in order that he might so stop it.·  When the car was within about ten feet of the stopping place the plaintiff rose from his seat (which was the second back from where the motorman stood), in order to be ready to alight promptly from the car on its arrival at the stopping point.   While the plain-tiff was so standing the motorman so operated the car as to cause it to wabble and sway from one side of the track to the other, and to make a sudden, violent, unusual, and unnecessary jerk over to the left side of the track, which caused the plain-tiff, who was standing on the right side of the car, to be thrown from the car to the ground and thus to receive injuries de-scribed.   It is alleged that the plaintiff was without fault or negligence, that when he was thrown from the car he endeavored to catch hold of the hand-hold on the car to save himself, but could not do so, and that the defendant's negligence in running and operating the car in the manner stated was the direct and prox-imate cause of his injuries.   A general demurrer to the petition was overruled, and the defendant excepted.

*F. U. Garrard, A. S. Bradley,* for plaintiff in error.

*G. Y. Tigner,* contra.

BROYLES, C. J.  (After stating the foregoing facts.)   The petition, construed (as it must be) most strongly against the plaintiff, shows that the plaintiff — a man 57 years old — vol-untarily abandoned his seat in the car — a place of safety — and stood up in an open street-car which was running very rapidly; and while the efforts of the motorman to bring the car from a speed of fifteen miles per hour to a dead stop with-in fifty feet were causing the car to wabble and sway from one side of the track to the other, he, the plaintiff, was voluntarily standing up in the car, and on one side thereof, *and was not holding on to anything to protect himself from being thrown upon the floor of the car or from the car, although there were handholds on the car to which he could have held and thereby kept himself from being thrown from the car.*   The petition, as we .view it, clearly shows that the plaintiff, by the exercise

of ordinary care, could have avoided the infliction of the injuries sued for. It follows that the court erred in overruling the general demurrer to the petition.

*Judgment reversed. Luke, J., concurs. Bloodworth, J., dissents.*